IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:10cv190-WHA |
| | ) |
| REMAX LAKE MARTIN PROPERTIES, LLC; | ) (wo) |
| JOE F. WATKINS; PATRICIA M. SMITH; | ) |
| ETC LAKE DEVELOPMENT, LLC; E.T. | ) |
| CHAMBERS; STERLING BANK; AND BEAR | ) |
| BROTHERS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

I.  Background and Procedural History

This cause is before the court on a Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers filed by Employers Mutual Casualty Company (Doc. #48), a Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers filed by Auto-Owners Insurance Company (Doc. #50), a Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #57), and a Motion for Summary Judgment filed by Auto-Owners Insurance Company (Doc. #61).

Employers Mutual Casualty Company ("Employers Mutual") filed a Complaint in this case against REMAX Lake Martin Properties, Joe F. Watkins, Patricia M. Smith, ETC Lake

Development LLC, E.T. Chambers, Sterling Bank, and Bear Brothers Inc.   Employers Mutual requested relief in the Complaint as follows:

> That upon a final hearing of this cause, this Court will declare the rights, duties, status, and legal relations of the Plaintiff, Employers Mutual Casualty Company, and the Defendants, ETC Lake Development, LLC, E.T. Chambers, REMAX Lake Martin Properties, LLC, Joe F. Watkins, Patricia M. Smith, Sterling Bank, and Bear Brothers, Inc., under the applicable policy of insurance;
>
> Court will order, adjudge, declare and/or decree that coverage is excluded for any person(s) or parties under the applicable policy at issue for the reasons set forth in the Bill of Complaint, as set forth in paragraph 27 and sub-paragraphs "a" through "h", including all sub-parts, above, and further declare that Employers Mutual Casualty Company is not obligated or liable to defend and/or indemnify ETC Lake Development, LLC, or E.T. Chambers, or any other party for the allegations of the Underlying Lawsuit.

Doc. #1.

Bear Brothers, Sterling Bank, REMAX Lake Properties LLC, Joe F. Watkins, and Patricia M. Smith filed Answers to the Complaint.  E.T. Chambers filed a Motion to Dismiss for failure to state a claim, which was denied.  Doc. #13.  No Answer was filed by E.T. Chambers or ETC Lake Development, LLC.

A suggestion of bankruptcy was filed by Joe F. Watkins, Jr., and the case stayed as to that Defendant.  Doc. #29.

On January 7, 2011, Auto-Owners Insurance Company ("Auto-Owners") was allowed by Order of the court to file a Complaint in Intervention.  Auto-Owners requests relief as follows:

> That after hearing the evidence in regard to the allegations of Auto-Owners' motion and this complaint in intervention, that the Court make the following findings, determinations and declarations:
> 1. That Intervenor, Auto-Owners Insurance Company, does not owe insurance coverage to ETC Lake Development, LLC, or E.T. Bud Chambers under any coverage of any insurance policy issued by Auto-Owners Insurance Company to ETC Lake Development, LLC and/or ETC Construction Company, Inc. for any of

the claims or damages alleged in the Underlying Lawsuit filed in the Circuit Court of Tallapoosa County,Alabama Civil Action No: CV-2009-900043.
2. That Intervenor, Auto-Owners Insurance Company, does not have a duty to defend ETC Lake Development, LLC, and E.T. Bud Chambers in said Underlying Lawsuit and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the Underlying Lawsuit filed in the Circuit Court of Tallapoosa County,Alabama Civil Action No: CV-2009-900043.
3. That Intervenor, Auto-Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendants ETC Lake Development, LLC, or E.T. Bud Chambers under any insurance policy issued to ETC Lake Development, LLC and ETC Construction Company, Inc., for any of the claims or damages alleged in the Underlying Complaint in the Underlying Lawsuit filed in the Circuit Court of Tallapoosa County, Alabama Civil Action No: CV-2009-900043.
4. That alternatively, the Court will specifically define what, if any, insurance coverage is owed by Auto-Owners Insurance Company to Defendant ETC Lake Development, LLC, and E.T. Bud Chambers in the Underlying Lawsuit filed in the Circuit Court of Tallapoosa County, Alabama Civil Action No: CV-2009-900043.

Doc. #35.

Motions for Entry of Default were filed by Employers Mutual and Auto-Owners and entry of default was made by the Clerk of the Court against E.T. Chambers and ETC Lake Development, LLC.  *See* Doc. #43,44.   Employers Mutual and Auto-Owners subsequently moved for default judgment.

On July 29, 2011, Employer's Mutual filed a Motion for Summary Judgment stating that it was not required to indemnify or defend ETC Lake Development, LLC and E.T. Chambers in the lawsuit styled *Joe F. Watkins, Patricia McNeil Smith & Remax Lake Martin Properties, LLC v. ETC Lake Development, LLC; Bear Brothers, Inc.; Sterling Bank; and E.T. Chambers*, CV-2009-900043.   Auto-Owners similarly filed a Motion for Summary Judgment on August 22, 2001, seeking a declaration as to its liability to indemnify or defend in the same underlying lawsuit.

Although given an opportunity by this court to respond to the Motions for Summary Judgment, no Defendant has filed a response.

## II.  DISCUSSION

### A.  Default Judgment

Defendants ETC Lake Development, LLC and E.T. Chambers have been duly served and have failed to Answer the Complaint or Complaint in Intervention.

Default having been entered by the Clerk of the Court, the Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers filed by Employers Mutual Casualty Company (Doc. #48), and the Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers (Doc. #50) are due to be GRANTED.

### B.  Summary Judgment

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.  *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.  Accordingly, the court will review the evidentiary materials presented by the Plaintiff and the Plaintiff Intervenor in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the

4

'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Plaintiff, Employers Mutual, has met its burden in this case as to the issue of its duties to defend and indemnify by supporting its motion with evidence in the form of the policies at issue, deposition excerpts of Joe F. Watkins, E.T. Chambers, and Patricia McNeill Smith, and the complaint filed in the underlying case.   Plaintiff Intervenor, Auto-Owners, has also met its burden by supporting its motion with evidence in the form of the policies at issue, the complaint in the underlying action, and deposition excerpts of Joe F. Watkins, E.T. Chambers, and Patricia McNeil Smith.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, "designate' specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. P. 56(e).

By failing to file any evidence in response to the Motions for Summary Judgment, Defendants REMAX Lake Martin Properties, LLC, Patricia M. Smith, Sterling Bank, and Bear Brothers Inc. have failed to meet their burden.  Further, the court has reviewed the evidentiary materials submitted by the Plaintiff and the Plaintiff-Intervenor and finds no question of fact as to any material issue raised by the Plaintiff or the Plaintiff-Intervenor as a ground for summary judgment.

Accordingly, the Motions for Summary Judgment are due to be GRANTED as to REMAX Lake Martin Properties, LLC, Patricia M. Smith, Sterling Bank, and Bear Brothers Inc. The Motions for Summary Judgment will be DENIED as to Defendant Joe F. Watkins, because the claims against him have been stayed.  This denial is without prejudice to the motions being refiled as to Joe F. Watkins once the stay in this case has been lifted. The Motions for Summary Judgment as to E.T. Chambers and ETC Lake Development, LLC are due to be DENIED as moot.

### III.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers filed by Employers Mutual Casualty Company (Doc. #48), and the Motion for Default Judgment as to ETC Lake Development, LLC and E.T. Chambers filed by Auto-Owners Insurance Company (Doc. #50) are GRANTED.

2.  The  Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #57), and the Motion for Summary Judgment filed by Auto-Owners Insurance Company (Doc. #61) are GRANTED and judgment is entered against Defendants REMAX Lake Martin Properties, LLC, Patricia M. Smith, Sterling Bank, and Bear Brothers Inc.

3.  The Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #57), and the Motion for Summary Judgment filed by Auto-Owners Insurance Company (Doc. #61) are DENIED as to Defendant Joe F. Watkins without prejudice to being refiled when the stay of claims against Joe F. Watkins has been lifted in this case.

4. The Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #57), and the Motion for Summary Judgment filed by Auto-Owners Insurance Company (Doc. #61) are DENIED as moot as to ETC Lake Development, LLC and E.T. Chambers.

5. It is DECLARED that Employers Mutual Casualty Company is not obligated or liable to defend and/or indemnify ETC Lake Development, LLC or E.T. Chambers in *Joe F. Watkins, Patricia McNeil Smith & Remax Lake Martin Properties, LLC v. ETC Lake Development, LLC; Bear Brothers, Inc.; Sterling Bank; and E.T. Chambers*, CV-2009-900043, pending in the Circuit Court for Tallapoosa County, Alabama.

6. It is DECLARED that Auto-Owners Insurance Company is not obligated or liable to defend and/or indemnify ETC Lake Development, LLC, or E.T. Chambers in *Joe F. Watkins, Patricia McNeil Smith & Remax Lake Martin Properties, LLC v. ETC Lake Development, LLC; Bear Brothers, Inc.; Sterling Bank; and E.T. Chambers*, CV-2009-900043, pending in the Circuit Court for Tallapoosa County, Alabama.

7. Because the majority of the claims in this case are disposed of by this Order, and the only remaining claim in this case is one which has been stayed as against Joe F. Watkins upon suggestion of bankruptcy, there is no just reason for delay, and the court makes this Order a Final Order pursuant to *Fed. R. of Civil P.* 54(b).

DONE this 18th day of October, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE