IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:10cv190-WHA |
| ) | |
| JOE F. WATKINS and DANIEL HAMM, ) | (wo) |
| as Trustee of the Bankruptcy Estate of Joe ) | |
| F. Watkins, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

I. INTRODUCTION

This cause is before the court on a Renewed Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #75), and a Renewed Motion for Intervention and/or Renewed Motion for Summary Judgment filed by Intervenor Plaintiff Auto-Owners Insurance Company (Doc. #80).

Employers Mutual Casualty Company ("Employers Mutual") filed a Complaint in this case against REMAX Lake Martin Properties, Joe F. Watkins, Patricia M. Smith, ETC Lake Development LLC, E.T. Chambers, Sterling Bank, and Bear Brothers Inc.

A suggestion of bankruptcy was filed by Joe F. Watkins and the case was stayed as to that Defendant on September 23, 2010. (Doc. #29).

On January 5, 2011, the court granted a Motion to Intervene filed by Auto-Owners Insurance Company ("Auto-Owners").

On October 18, 2011, as a result of Employers Mutual's and Auto-Owners's Motions for Summary Judgment, this court entered a declaratory judgment that Employers Mutual Casualty Company is not obligated or liable to defend and/or indemnify ETC Lake Development, LLC or E.T. Chambers in *Joe F. Watkins, Patricia McNeil Smith & Remax Lake Martin Properties, LLC v. ETC Lake Development, LLC; Bear Brothers, Inc.; Sterling Bank; and E.T. Chambers*, CV-2009-900043, pending in the Circuit Court for Tallapoosa County, Alabama, and that Auto-Owners Insurance Company is not obligated or liable to defend and/or indemnify ETC Lake Development, LLC, or E.T. Chambers in *Joe F. Watkins, Patricia McNeil Smith & Remax Lake Martin Properties, LLC v. ETC Lake Development, LLC; Bear Brothers, Inc.; Sterling Bank; and E.T. Chambers*, CV-2009-900043, pending in the Circuit Court for Tallapoosa County, Alabama.  The Motions for Summary Judgment were denied as to Joe F. Watkins, based on the automatic bankruptcy stay, with leave to refile once the stay was lifted.  (Doc. #65).

On December 19, 2011, the bankruptcy court granted a petition to terminate the stay.  An Amended Complaint was filed adding Daniel Hamm, the Trustee for the Bankruptcy Estate of Joe F. Watkins, as a Defendant.  (Doc. #70).

Employers Mutual filed its Renewed Motion for Summary Judgment on February 10, 2012, and the court issued an order to show cause by March 5, 2012 why the motion should not be granted.  (Doc. #78).  Auto-Owners filed its Renewed Motion for Intervention and/or Summary Judgment on March 12, 2012, and the court issued an order to show cause by March 20, 2012 why summary judgment should not be granted.  No response to either motion has been received from the Defendants as of the date of this Memorandum Opinion and Order.

## II.  DISCUSSION

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but must consider the merits of the motion.  *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not, however, *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials, and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.  Accordingly, the court will review the evidentiary materials presented by the Plaintiff in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-324.

In the instant case, Employers Mutual and Auto-Owners have met their burden by supporting their motions with evidence in the form of the policies at issue; deposition excerpts of Joe F. Watkins, E.T. Chambers, and Patricia McNeill Smith; and the complaint filed in the underlying case.

Once the moving party has met its burden, Rule 56 of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings" and demonstrate that is a genuine issue for trial. *Id.* at 324.   If the adverse party does not so respond, the court may grant

summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. Pro. 56(e)(3).

By failing to file any response or present evidence in response to the Motions for Summary Judgment, Defendants Joe F. Watkins and bankruptcy trustee Daniel Hamm have failed to meet their burden.  Further, the court has reviewed the evidentiary materials submitted by the Plaintiff and the Intervenor Plaintiff and finds no question of fact as to any material issue raised as a ground for summary judgment.

Accordingly, the Motions for Summary Judgment are due to be GRANTED.

### III.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Renewed Motion for Summary Judgment filed by Employers Mutual Casualty Company (Doc. #75) is GRANTED, and judgment is entered against Defendants Joe F. Watkins and Daniel Hamm, as Trustee of the Bankruptcy Estate of Joe F. Watkins.

2.  It is DECLARED that Employers Mutual Casualty Company does not owe any duty or obligation to Joe F. Watkins, Jr. and/or Daniel Hamm, as trustee of Joe F. Watkins, Jr.'s bankruptcy estate, under the policies Employers Mutual Casualty Company issued to its insureds, ETC Lake Development, LLC and E.T. Chambers, arising out of the allegations in *RE/MAX Lake Martin Properties, LLC, et al. v. ETC Lake Development, et al.*, pending in the Circuit Court for Tallapoosa County, Alabama.

3.  The Renewed Motion for Intervention and/or Renewed Motion for Summary Judgment filed by Intervenor Plaintiff Auto-Owners Insurance Company (Doc. #80) is

GRANTED, and judgment is entered against Defendants Joe F. Watkins and Daniel Hamm, as Trustee of the Bankruptcy Estate of Joe F. Watkins.

4.  It is DECLARED that Auto-Owners does not owe any duty or obligation to Joe F. Watkins, Jr., and/or Daniel Hamm, as Trustee of Watkins' bankruptcy estate, under the Auto-Owners insurance policy that Auto-Owners issued to its insureds, ETC Construction Company, Inc. and ETC Lake Development, LLC, arising out of the allegations in the underlying lawsuit (CV-2009-900043).

3.  A final judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 21st day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE